# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

TED HAMILTON                                                          PETITIONER

VS.                           CASE NO. 5:06CV00324 GH/HDY

LARRY NORRIS, Director of the
Arkansas Department of Correction                                     RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge George Howard, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

**DISPOSITION**

The Court has received an application for writ of habeas corpus pursuant to 28 U.S.C. §2254 from Ted Hamilton, an inmate in the custody of the Arkansas Department of Correction (ADC). Mr. Hamilton was convicted of residential burglary in 1991 and 1995 in Lafayette County Circuit Court. He was sentenced on these charges to fifteen years of imprisonment. In June of 2004 Mr. Hamilton was again convicted of residential burglary, along with one count of forgery, in the Circuit Court of Hempstead County. He was sentenced to two years of imprisonment. In November of 2004 Mr. Hamilton was convicted of residential burglary in the Circuit Court of Miller County, receiving a sentence of fifteen years. The petitioner is not challenging the aforementioned convictions or sentences. Rather, he complains of the action of the Arkansas Post-Prison Transfer Board (the "Board"), in rescinding, without a hearing, the Board's prior approval of Mr. Hamilton's transfer

request. He alleges that the Board, following a hearing, denied a request for transfer on February 24, 2005. Mr. Hamilton asked the Board to reconsider this decision and a hearing was scheduled for June 15, 2005. The hearing was rescheduled for June 30, 2005, at which time the Board granted Hamilton's request for transfer to the Department of Community Corrections ("DCC"). On August 26, 2005, prior to the petitioner's transfer to the DCC, the Board rescinded the order to transfer. Mr. Hamilton challenged this ruling by filing a habeas corpus action in state court. The trial court denied relief in an order dated August 31, 2006. An appeal to the Arkansas Supreme Court was unsuccessful. Mr. Hamilton urges that the Board's decision was made without notice to him and without him having an opportunity to appear before the Board.

The respondent contends the petition should be dismissed without prejudice due to the petitioner's failure to exhaust his available state court remedies. Specifically, the respondent argues that Mr. Hamilton can seek state court review of the Board's decision by filing a petition for writ of mandamus or a petition for writ of declaratory judgment. The petitioner now asserts that he has recently (on January 25, 2007) filed a petition for writ of mandamus in the Circuit Court of Jefferson County. Mr. Hamilton notes that this action is currently pending. (*See* docket entry no. 23, page 2).

Questions of available state remedies require this Court to look to the provisions of 28 U.S.C. 2254(b) and (c). These subsections codify the doctrine of comity by requiring the exhaustion of state remedies prior to bringing federal habeas corpus claims. *Lenza v. Wyrick*, 665 F.2d 804 (8th Cir. l98l). This exhaustion requirement is necessary in order to afford the state courts the opportunity to correct any constitutional errors before federal courts intervene. *Id*. However, this requirement will not be construed so as to require the filing of repetitious or futile applications for relief in state court. *Powell v. Wyrick*, 62l F.2d 92l, 923 (8th Cir. l980). In addition, a federal court should defer

3

action only "if there is some reasonable probability that the relief which the petitioner seeks will actually be available to him." *Powell v. Wyrick*, 657 F.2d at 224. Consequently, we must determine whether the petitioner has an available state remedy.

In this instance, we note that the request for declaratory relief and writ of mandamus is a procedure whereby the petitioner may challenge the execution and computation of his sentence. In *Michalek v. Lockhart*, 292 Ark. 301, 730 S.W.2d 210 (1998), an inmate utilized this procedure to challenge his classification for parole purposes. This procedure has been used by other inmates in similar circumstances. *St. John v. Lockhart*, 286 Ark. 234, 691 S.W.2d 148 (1985); *Bargo v. Lockhart*, 279 Ark. 180, 650 S.W.2d 227 (1983). The petitioner's claim in this case is that the state failed to properly conduct his hearing in accord with the Arkansas statutes and case law. This claim would appear to be cognizable in state court.

If a state procedure is available, it cannot be said that the exhaustion requirement of 28 U.S.C. §2254 has been satisfied. This is precisely the situation at bar. Mr. Hamilton can challenge the actions of the Board in state court by filing for declaratory relief and writ of mandamus. Such an action is admittedly pending. Since there is an available state remedy being pursued, we recommend that this petition be dismissed due to the petitioner's failure to exhaust his available state court remedy.

IT IS SO ORDERED this __15__ day of March, 2007.

_____
UNITED STATES MAGISTRATE JUDGE